### CLEMENT et al. v. VICTORIA BANK & TRUST CO.

No. 9473.

Court of Civil Appeals of Texas. Galveston.
June 25, 1930.

Rose & Sample, of Edna, for appellants.

Jno. T. Vance, of Edna, and Proctor, Vandenberge, Crain & Vandenberge, of Victoria, for appellee.

LANE, J.

One John Lingner leased from Misses Edith, Mattie, and Rowena Clement 240 acres of land belonging to them situated in Jackson county, Tex., a part of the Stephen F. Austin two-league grant, during the year 1927. He produced and harvested on and from said land 348 barrels of rice and placed it in a house at Ganado, Tex., in said Jackson county.

The Clement sisters held a valid subsisting lien on such rice on the 30th day of July, 1928.

During said year of 1927, the Red Bluff Irrigation Company was undertaking to produce on and harvest rice from about 1,094 acres of land, parts of the Stephen F. Austin and Patrick Scott grants, situated in said Jackson county, and on the 20th day of January, 1927, the Red Bluff Irrigation Company, by its president, John Lingner, executed and delivered to the Victoria Bank & Trust Company, a corporation, a mortgage upon all of the crops of every character to be grown by it on any and all lands *owned by such company* in Jackson county, Tex., consisting of 1,094 acres, more or less, out of the Stephen F. Austin and Patrick Scott grants. Such mortgage was a valid subsisting lien on such crops on the 30th day of July, 1928. The rice grown upon and harvested from the land of the Red Bluff Company, or a part of it, was also placed in the warehouse at Ganado, with that upon which the Clement sisters had a lien.

The rice grown upon and harvested from the land of the Clement sisters was placed in large bags before being stored in the warehouse by Lingner, and that grown upon and harvested from the Red Bluff Company's land was placed in small sacks before being placed in said warehouse.

In the summer of 1928 the rice in such warehouse was being damaged by weevils and rats, and Lingner advised the Victoria Bank & Trust Company that he thought it should be sold to prevent its total loss. The Victoria Bank & Trust Company agreed with Lingner that the rice should be sold.

On July 30, 1928, Lingner, through Fred Spencer, a broker, sold all the rice in the warehouse to the Gulf Coast Rice Mill, a corporation of Houston, Tex., at $1.50 per barrel, f. o. b. Ganado, weight to be determined by Houston weights, and the rice was to be graded at Houston against a sample furnished, by which the sale was made.

Upon the receipt of the rice at Houston by the Gulf Coast Rice Mill, it sent its draft, drawn in favor of Lingner and the Victoria Bank & Trust Company for the sum of $920.77, to the Victoria Bank & Trust Company.

On August 8, 1928, after it had received the check above mentioned, the Victoria Bank &

Trust Company wrote John Lingner as follows:

"August 8, 1928.

"Mr. John Lingner, Victoria, Texas.

"Dear Mr. Lingner: We are in receipt of a check for $920.77 from the Gulf Coast Rice Mills, Inc., in payment for rice sold them by you, which we are enclosing herewith.

"The check being made payable to your order and to ourselves, please endorse the check and return to us at your earliest convenience, advising disposition you wish made of these funds.

"Yours very truly,

"G. B. Davidson, Cashier."

The check was returned to the bank by Lingner, indorsed as directed, and was by the bank collected, and the proceeds thereof placed to the credit of the Red Bluff Irrigation Company.

On the 26th day of January, 1929, Edith Clement, Mattie Clement, and Rowena Clement, hereinbefore and hereinafter referred to as the Clement sisters, brought this suit against John Lingner, Victoria Bank & Trust Company, a corporation, and the Gulf Coast Rice Mill, a corporation.

Plaintiffs alleged that they leased to John Lingner 240 acres of land situated in Jackson county, Tex., for the year 1927, at a rental of $5 per acre, a total sum of $1,200; that their lease contract was in writing and by its terms they became the landlords of Lingner for the year 1927 and held a landlord's lien on all the crops produced by Lingner on said land during the year 1927, and that by such lease contract it was specially provided that these plaintiffs should have a lien on all of such crops, and that such written contract was promptly filed for record as required by law. They alleged that Lingner produced on the land leased to him by them during the year 1927 a certain 348 sacks of rice and placed them in a warehouse in the town of Ganado in Jackson county, Tex., where same was kept until on or about the 30th day of July, 1928, when without the permission or consent of these plaintiffs and without their knowledge, the several defendants wrongfully and unlawfully moved said rice out of Jackson county to Houston, in Harris county, Tex.; that on or about the 8th day of August, 1928, without the permission or consent of these plaintiffs, the defendants, Victoria Bank & Trust Company and Gulf Coast Rice Mill, wrongfully and unlawfully converted to their own use the said 348 sacks of rice, which at the time of such convention was of the value of $2 per sack, a total value of $696; that by reason of such wrongful and unlawful conversion of such rice by the defendants Victoria Bank & Trust Company and Gulf Coast Rice Mill, the location and identity of such rice is and since has been to plaintiffs unknown, and they thereby lost their security thereon for

the payment of their aforesaid rent, wherefore by virtue of the premises the defendants Victoria Bank & Trust Company and Gulf Coast Rice Mill, and each of them became obligated and bound to pay plaintiffs and are now obligated and bound to pay them the amount of their damage occasioned by reason of such wrongful conversion, which amount they say is $696, together with interest thereon at the rate of 6 per cent. per annum. from the 8th day of August, 1928, until paid, but to pay the same or any part thereof, though plaintiffs have frequently demanded payment thereof from defendants, such defendants failed and refused and still fail and refuse to do.

Plaintiff's prayer was for judgment against John Lingner for the sum of $1,200 and against the Victoria Bank & Trust Company and the Gulf Coast Rice Mill for the sum of $696.

Both Victoria Bank & Trust Company and Gulf Coast Rice Mill in due time, manner, and form filed their respective pleas of privilege to be sued in the county of their respective residence.

The plaintiffs in a plea controverting the plea of privilege filed by Victoria Bank & Trust Company, the only appellee herein, repeated the averments of their petition, and further alleged that all the parties complained of on July 30, 1927, without plaintiffs' knowledge or permission, wrongfully and unlawfully moved the rice upon which plaintiffs held their lien out of Jackson county to Houston, in Harris county, Tex., and on the 8th day of August, 1927, without their consent or permission, Victoria Bank & Trust Company and Gulf Coast Rice Mill wrongfully and unlawfully converted said rice to their own use. They alleged that the removal of the rice by the defendants from Jackson county to Houston, in Harris county, Tex., was a conversion of such rice, to the proceeds of which they were entitled as a credit upon the indebtedness due by John Lingner to them, and therefore the trial court had and has venue against all of the defendants, notwithstanding their pleas of privilege.

Upon a hearing before the court upon the respective pleas of Victoria Bank & Trust Company and Gulf Coast Rice Mill, the court overruled the plea of Gulf Coast Rice Mill and sustained the plea of Victoria Bank & Trust Company.

From the judgment sustaining the plea of Victoria Bank & Trust Company the Clement sisters have appealed.

Appellants base their right to maintain their suit against Victoria Bank & Trust Company in Jackson county upon the contention that since Lingner accepted the price offered by Gulf Coast Rice Mill for the rice in Jackson county, and the Gulf Coast Rice Mill shipped or caused the rice to be shipped out of Jackson county to Houston, the con-

tract was made in Jackson county, and the appropriation of the rice to its own use by the Gulf Coast Rice Mill constituted a conversion of the same in Jackson county, and that, since it was shown that Victoria Bank & Trust Company participated in such conversion, the district court of Jackson county had venue of the cause as to said bank and trust company. They insist that the evidence upon the trial of the pleas of privilege showed that the sale of the rice, on which they had a lien, was urged by Victoria Bank & Trust Company with actual and constructive knowledge of their lien, and that after such sale said bank and trust company received and appropriated to its own use the entire proceeds of such sale, and that such acts constituted a participation in the conversion of the rice in Jackson county.

We overrule appellants' contention, in so far as it undertakes to connect the Victoria Bank & Trust Company with the conversion of the rice upon which appellants had a lien, or a participation in such conversion in Jackson county.

Briefly summarized, the facts developed upon the trial of the pleas of privilege of appellee and the defendant, Gulf Coast Rice Mill, and the controverting pleas of appellants thereto, established prima facie, if not conclusively, that during the year 1927 the defendant John Lingner raised a crop of rice on 240 acres of land in Jackson county belonging to appellants, for the rental of which land he had agreed in writing to pay them $5 per acre, and to secure payment of which the appellants held their landlord's lien and contract lien in writing, said writing having been filed for record as a chattel mortgage in the county clerk's office of Jackson county, Tex.; that in the fall of 1928 said rice, without consent of appellants, was moved from said lands by defendant John Lingner to a warehouse at Ganado, in Jackson county, and there held by him until on or about July 30, 1928; that appellee, Victoria Bank & Trust Company, held no lien on this particular rice, but held a chattel mortgage on the rice grown during 1927 on the lands of Red Bluff Irrigation Company, worked by defendant Lingner; that before the rice was sold the appellee was advised of the lien and claim against said rice grown on the lands of appellants by letter written by attorneys for appellants; that in July, 1928, appellee instructed defendant Lingner to sell the rice upon which it had a lien, and following such instruction defendant Lingner, in Jackson county, accepted a proposition made by defendant Gulf Coast Rice Mill for the purchase of all of the rice in the warehouse, including that on which appellants held a lien, and on July 30, 1928, loaded such rice, without knowledge, permission, or consent of appellants, on railroad cars at Ganado, in Jackson county, Tex., consigned by open bill of lading to the defendant Gulf Coast Rice Mill, at Houston, Tex.; and that said rice was paid for by defendant Gulf Coast Rice Mill on or about August 7, 1928, with its draft in favor of the defendant John Lingner and the appellee, for the sum of $920.77, said draft being sent to appellee and by it and the defendant John Lingner indorsed, and the amount thereof applied by appellee on indebtedness owing to it by the defendant John Lingner.

Upon a request for a finding of facts and conclusions of law the court filed the following findings and conclusions:

"I find that there is no evidence that shows, or tends to show, in any manner, that said defendant, Victoria Bank & Trust Company, converted, or in any manner aided in conversion of the rice, or any part thereof, in Jackson County, Texas, which plaintiffs, in their petition, claimed to have been converted in said County. Nor participated with any other defendants in any act of conversion of said rice, or any part thereof, in Jackson County, Texas.

### "Conclusions of Law.

"I conclude that venue of this suit, in so far as it may affect defendant, Victoria Bank & Trust Company, should be transferred to Victoria County, Texas, the place of the domicile of said defendant."

There is no evidence that appellee at any time knew how much or what portion of the rice sold was covered by the lien of appellants, nor to show that appellee knew how much rice was being sold or was sold, or that appellants' debt was not being paid out of the proceeds of the sale of the entire lot of rice stored in the warehouse at Ganado.

Believing that the judgment complained of by this appeal is amply supported by the evidence, it is ordered that it be affirmed.

**Affirmed.**